STONE, J.
We reverse an order granting Levinson & Company, Inc/s (Levinson) renewed motion to enforce settlement agreement.
The facts are not in dispute. In 1998, Solomos instituted an action for replevin against Levinson, alleging that he was the rightful owner of a diamond Levinson had purchased. Levinson was no longer in possession of the diamond, which had been sold to another purchaser in accordance with chapter 538, Florida Statutes, which governs the secondhand sale of jewelry. Solomos agreed to dismiss the replevin suit if Levinson provided the name of the second purchaser. Levinson gave Solomos the name of the purchaser, Choo Choo, Inc., and, pursuant to the parties’ agreement, Choo Choo, Inc. was substituted as the defendant in place of Levinson.
Subsequently, Solomos filed an amended complaint for replevin and damages against Choo Choo, Inc. and Levinson. The trial court, based on the parties’ prior stipulation, dismissed Levinson with prejudice. Solomos claims the dismissal with prejudice was error.
The parties’ agreement consists of a letter from Levinson’s attorney to Solomos’ attorney confirming that they had agreed to dismiss Levinson with prejudice from the lawsuit, but that this would be done by way of a substitution of parties rather than a voluntary dismissal. Solomos’ attorney’s acknowledgment, handwritten on the bottom of the letter and returned to Levin-son’s attorney, says, by way of acceptance (asterisked at a location in the initial letter that referred to dismissal with prejudice): “Based on the representation that Levin-son & Co., not in possession of the diamond at issue — any replevin claim against Levinson regarding the said diamond voluntarily dismissed with prejudice.” (emphasis added)
A review of the exchange of communications constituting the parties’ sole agreement reveals that the parties agreed to dismiss only the replevin claim against Levinson. As the writing makes no mention of the claims for damages, or any claim other than that for replevin, we conclude that it was error to dismiss Solomos’ damage claim with prejudice. In reversing, we emphasize that we have not considered whether Solomos’ claim for damages states, or could be amended to state, a cause of action, as that issue is not before us.
We remand for further proceedings.
WARNER, C.J. and GLICKSTEIN, HUGH S., Senior Judge, concur.